## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

JULIE D.,                          )
                                   )
              Plaintiff            )
                                   )
v.                                 )         No. 1:24-cv-00445-KFW
                                   )
FRANK BISIGNANO,                   )
Commissioner of                    )
Social Security,                   )
                                   )
              Defendant            )

### MEMORANDUM DECISION[1]

The Plaintiff in this Social Security Disability appeal argues that the Administrative Law Judge (ALJ) committed reversible error by failing to make findings about the time she would be off task at work because of her irritable bowel syndrome (IBS) and interstitial cystitis. *See* Plaintiff's Brief (ECF No. 10). I agree and vacate the Commissioner's decision and remand this case for further proceedings consistent with this decision.

### I. Background

The Plaintiff applied for benefits in 2019. *See* Record at 18. After her claim was denied at the initial and reconsideration levels of review, the Plaintiff requested a hearing before an ALJ. *See id.* That hearing took place in March 2023, following which the ALJ issued a decision finding that the Plaintiff had the severe impairments

---

[1] The parties have consented to me presiding over all proceedings in this action including the entry of judgment. *See* ECF No. 7.

of fibromyalgia, depressive disorder, anxiety disorder, IBS, interstitial cystitis, tachycardia, and status post right shoulder injury/osteoarthritis. *See id.* at 18, 21. Considering those impairments, the ALJ determined that the Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) with various additional limitations, including that she must work within one hundred feet of a bathroom throughout the workday. *See* Record at 24. The ALJ determined that, although the Plaintiff could not perform any of her past relevant work with such an RFC, she could perform other jobs existing in significant numbers in the national economy and was, therefore, not disabled. *See id.* at 32-34. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. § 404.981.

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by

2

ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### III. Discussion

The Plaintiff takes issue with the ALJ's handling of the limitations stemming from her IBS and interstitial cystitis[2]. *See generally* Plaintiff's Brief.  She argues, among other things, that the ALJ was required to make findings about the frequency of her need to use the bathroom after finding that her IBS and interstitial cystitis symptoms required her to work within one hundred feet of a bathroom. *Id.* at 7 (citing *Hall-Grover v. Barnhart*, No. 03-239-P-C, 2004 WL 1529283, at *3 (D. Me. Apr. 30, 2004) (rec. dec.), *aff'd*, ECF No. 10 (D. Me. May 24, 2004)).  In making this argument, she also takes issue with the ALJ's rejection of her testimony—and a statement by her treating gastroenterologist—that she needs to use the bathroom up to hourly for fifteen minutes at a time, *see id.* at 4-8, which the vocational expert (VE) testified would preclude all employment, *see* Record at 70.

The Commissioner counters that the "fact that the ALJ acknowledged that IBS" and interstitial cystitis "created some degree of restriction did not require h[im] to accept Plaintiff's professed degree of limitation."  Commissioner's Brief (ECF No. 11) at 5-6 (quoting *King v. Colvin*, No. 14-cv-11157, 2015 WL 1130586, at *9 (E.D. Mich. Mar. 12, 2015).  The Commissioner further argues that substantial evidence supports the ALJ's rejection of the Plaintiff's and her gastroenterologist's

---

[2] "Interstitial cystitis . . . is a condition that causes pain in the bladder and a need to urinate frequently and urgently." *Interstitial Cystitis*, MedlinePlus, https://medlineplus.gov/interstitialcystitis.html (last updated December 6, 2025).

statements about the frequency with which she would need to use the bathroom, and that the Plaintiff did not meet her burden of proving additional limitations beyond her need for bathroom proximity. *Id.* at 6-8.

The Plaintiff has the better argument.

In limiting the Plaintiff to work within one hundred feet of a bathroom, the ALJ accepted that the Plaintiff would need ready access to a bathroom because of her IBS and interstitial cystitis symptoms. While the ALJ was certainly not required to accept the Plaintiff's and her gastroenterologist's statements about the frequency and duration of her bathroom use, he nevertheless had an obligation to make "an affirmative, alternative finding as to how much time the [P]laintiff would need to be away from her work station for bathroom breaks" and to reconcile that amount of time with the VE's testimony about how much time off-task employers would tolerate.[3]   *Hall-Grover*, 2004 WL 1529283, at *3; *see also Binder v. Colvin*, No. 5:12-CV-271-D, 2013 WL 1686306, at *3 (E.D.N.C. Mar. 21, 2013) (rec. dec.) ("When an ALJ finds that a claimant has an impairment that requires [her] to have access to a bathroom, the ALJ should make specific findings concerning the frequency and duration of [the claimant's] bathroom usage."), *aff'd*, 2013 WL 1694678 (E.D.N.C. Apr. 18, 2013); *Taylor v. Astrue*, No. 7:11-CV-162-FL, 2012 WL 3637254, at *11 (E.D.N.C. Aug. 1, 2012) (rec. dec.) ("While the court finds the ALJ's credibility determination with respect to Claimant's allegations of excessive bathroom breaks supported by substantial evidence, the ALJ nevertheless failed to address the VE's

---

[3] The VE here testified that employers would tolerate an employee being off task a total of one hour during an eight-hour workday. *See* Record at 70.

4

testimony that a person needing to take an excessive number of unscheduled bathroom breaks has the potential to be problematic. Given the ALJ made no findings regarding to what extent Claimant required unscheduled bathroom breaks, nor question[ed] the VE as to his definition of excessive, there is simply no way to conclude, in light of the VE's testimony, that the ALJ's step-four finding is supported by substantial evidence." (cleaned up)), *aff'd*, 2012 WL 3639623 (E.D.N.C. Aug. 22, 2012); *Davis v. Comm'r of Soc. Sec.*, No. 2:10-CV-30, 2011 WL 442118, at *1 (N.D. W. Va. Feb. 2, 2011) ("[W]hen a claimant has a specific need to have a bathroom at ready access, the ALJ should make specific findings regarding the frequency and duration of necessary usage and include such findings in the claimant's residual functional capacity."); *Brueggen v. Barnhart*, No. 06-C-0154-C, 2006 WL 5999614, at *7 (W.D. Wisc. Dec. 15, 2006) (rec. dec.) (remanding for an ALJ to "make a specific finding concerning the frequency and duration of plaintiff's bathroom usage" where the ALJ failed to explain "how she reconciled plaintiff's need to use the bathroom at will with the VE's testimony concerning the degree to which such bathroom use is generally tolerated by employers"), *aff'd*, 2007 U.S. Dist. LEXIS 2476 (W.D. Wisc. Jan. 8, 2007).

The Commissioner argues that it would be unreasonable to require the ALJ to make an affirmative finding about the frequency and duration of the Plaintiff's bathroom breaks where there is no specific evidence on that issue apart from the evidence the ALJ supportably discounted. *See* Commissioner's Brief at 5-6. But this argument ignores the ALJ's Step 5 burden to assess the vocational impact of the

bathroom proximity limitation he found was warranted by the evidence, *see Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987), and it overstates the complexity of assessing the frequency and duration of bathroom breaks in the absence of specific evidence, *see, e.g.*, *Dussault v. Astrue*, 674 F. Supp. 2d 337, 345 (D. Mass. 2009) (a case cited by the Commissioner holding that an ALJ permissibly "used his common sense" when making findings about the duration of bathroom breaks for a claimant with IBS where there was no specific evidence on the issue).

At bottom, the ALJ's failure to resolve whether the Plaintiff's bathroom breaks would exceed the amount of time off-task tolerated by employers leaves his Step 5 finding unsupported by substantial evidence and, therefore, remand is required. *See Hall-Grover,* 2004 WL 1529283, at *3-5.[4]

### IV.  Conclusion

For the foregoing reasons, the Commissioner's decision is **VACATED** and the case **REMANDED** for proceedings consistent with this decision.

Dated: March 20, 2026

/s/ Karen Frink Wolf
United States Magistrate Judge

---

[4] The Commissioner cites two cases for the proposition that an ALJ may impose a bathroom proximity limitation without making additional findings about the frequency and duration of bathroom breaks, *see* Commissioner's Brief at 6-8, but I am not swayed by either.  To the extent *King,* 2015 WL 1130586, at *9, squarely addressed this issue, it is against the weight of authority from this Court and others.  And although *Teresa A. M. v. Saul*, No. 2:19-cv-00292-LEW, 2020 WL 2850224, at *8-9 (D. Me. June 1, 2020) (rec. dec.), *aff'd,* (D. Me. June 13, 2020), affirmed an ALJ's bathroom proximity limitation without corresponding frequency and duration findings, the limitation was discussed only in the context of an ALJ's weighing of a medical opinion and no reference was made to *Hall-Grover* or other similar cases.